Nicholas D. Myers (State Bar No. 251809)
THE MYERS LAW GROUP
4695 MacArthur Court, Suite 1100
Newport Beach, California 92660
T:  949.825.5590
Email: nicholas@myers.law; litigation@myers.law

Attorneys for Plaintiff I. NELSON ROSE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. NELSON ROSE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REGISTRANT OF<br>WWW.UNLIMITEDPENALTY.COM,<br>an unknown business entity, and DOES<br>1 through 20,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Federal Trademark Infringement in Violation of 15 U.S.C. § 1114**<br>2. **False Designation of Origin/Federal Unfair Competition Under 15 U.S.C. § 1125(a)**<br>3. **Federal Trademark Dilution in Violation of 15 U.S.C. § 1125(c)(1)**<br>4. **Commercial Misappropriation of Likeness (California Common Law & Cal. Civ. Code §3344)**<br>5. **Unjust Enrichment**<br><br>**-JURY TRIAL DEMANDED-** |

## COMPLAINT

Plaintiff I. NELSON ROSE (hereinafter "ROSE" and/or "Plaintiff"), complaining of the actions of REGISTRANT OF WWW.UNLIMITEDPENALTY.COM and DOES 1 THROUGH 20, hereby complains and alleges as follows:

COMPLAINT
1

## NATURE OF ACTION

1.    This is an action for trademark infringement, commercial misappropriation of likeness, and related claims.  Plaintiff brings this suit to protect and enforce rights in and to Plaintiff's GAMBLING AND THE LAW trademark and right of publicity against Defendants, which have infringed upon the trademark and publicity rights of Plaintiff by falsely suggesting an affiliation, endorsement, or sponsorship by Plaintiff of Defendants' gambling website *www.unlimitedpenalty.com* ("Website").  By this action, Plaintiff seeks to permanently enjoin Defendant's infringement of Plaintiff's rights, to compel remediation as to the false association, and to recover compensatory damages, treble damages, and attorneys' fees.

## PARTIES

2.    Plaintiff is an individual and resident of California, County of Los Angeles.

3.    Defendant REGISTRANT OF WWW.UNLIMITEDPENALTY.COM, an unknow business entity, is a corporate entity that engaged in the unlawful activities complained of herein.  The Complaint will be amended, if appropriate, to include the name or names of this entity when such information becomes available.

4.    Defendant Does 1 through 20, whose identities and addresses are unknown to Plaintiff, are individuals and/or corporate entities that engaged in the unlawful activities complained of herein.  The Complaint will be amended, if appropriate, to include the name or names of these individuals when such information becomes available.

5.    Defendant REGISTRANT OF WWW.UNLIMITEDPENALTY.COM and Defendant Does 1 through 20 shall be collectively referred to as "Defendants" herein.

6.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

**JURISDICTION AND VENUE**

7. This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, conferring Federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction on Plaintiffs' state law claims under 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) as: (a) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District; (b) Defendants conduct business in this District; (c) the unlawful acts of Defendants complained of herein have been committed within this District and have had or will have had effect in this District; and (d) Plaintiff is a resident of this District.

**GENERAL FACTUAL ALLEGATIONS**

**Plaintiff I. NELSON ROSE**

9. Plaintiff Professor I. Nelson Rose, is an internationally known scholar, author and public speaker, recognized as one of the world's leading experts on gambling and gaming law.

10. Plaintiff is currently a Professor Emeritus at Whittier College and a Visiting Professor at the University of Macau. Prof. Rose is best known for his internationally syndicated blog and column and his 1986 book, *Gambling and the Law*.

11. Plaintiff often acts as a consultant and expert witness for governments and industry, and has given dozens of presentations and classes to regulators, law enforcement, legislators, players, investors, suppliers and operators.

12. Over the past 40 plus years he has worked with the Federal Governments of the US (Dept. of Justice prosecution of Gov. Edwin Edwards), Canada (Indigenous and Northern Affairs), and Mexico; States and Provinces: Arizona Department of Gaming and Office of Problem Gaming, California Gaming Policy Advisory Committee, Delaware Lottery (setting tax rate on sports books), Florida State Senate (Indian gaming compacts), Florida Department of Business and Professional Regulation (definition of poker), Hawaii House of Representatives (impact of legalizing casinos on Native Hawaiians' rights), Illinois Gaming Board (casino applicants' duty of due diligence),

Michigan State Lottery (sweepstakes scam free entries), New Jersey Division of Gaming Enforcement ("fair odds" to all players), New Mexico Gaming Control Board, Oregon Governor's Task Force on Gaming, Texas Comptroller (regulation of bingo), Washington State Gambling Commission, British Columbia Attorney General (international lottery sales), Alcohol and Gaming Commission of Ontario (vetting casino companies), and Québec (VLTs and compulsive gambling); New South Wales (Bergin Commission); American Territories: Commonwealth of the Northern Mariana Islands (evaluation of casino writing off >$2 billion in bad debts), District of Columbia (gaming devices), US Virgin Islands (evaluation of casino proposal); Foreign Nations: Czech Republic (purposes of regulating gaming devices), Japan Casino Regulatory Commission, Lao People's Democratic Republic (Laos) (suitability of casino licensee, methods of taxing casinos).

13.    Plaintiff has been qualified, and has testified, as an expert witness on matters relating to gambling before the National Gambling Impact Study Commission (US Federal Government); National Research Council of the National Academy of Sciences; and in other legislative and administrative hearings, civil and criminal trials, and international treaty arbitrations in California, Florida, New Jersey, New Mexico, Oregon, Texas, Washington, U.S. Virgin Islands, Commonwealth of the Northern Mariana Islands, Ontario, Québec, Australia, New Zealand, France and other jurisdictions.

14.    Plaintiff has testified as an expert witness in trials, including a criminal case in Paris, France, involving Internet gambling, a billion-dollar class action in Québec, and sports betting before the High Court of Justice, Business and Property Courts of England and Wales; international treaty arbitrations, including a multi-hundred-million dollar hearing held in Paris, France, against the government of the Czech Republic; legislative and administrative hearings, including the US Senate Indian Affairs Committee and the US-China Commission; and civil and criminal cases including on the history and meaning of terms such as "poker," "lottery," and "casino;" and the impact of a finding of unsuitability on a casino licensee in Nevada and Macau.

COMPLAINT

4

15.    Plaintiff is the co-author of Internet Gaming Law (1st and 2nd editions), Blackjack and the Law, and the first casebook on the subject, Gaming Law: Cases and Materials.

16.    Plaintiff graduated from UCLA with a B.A. in 1973 and with a J.D. in 1979 from Harvard Law School.

17.    Immediately following graduation from Harvard, Rose moved to Hawaii to practice law. He passed the Hawaii and California bars and has also been admitted to practice in federal courts, including Ninth Circuit Court of Appeals and the United States Supreme Court.

18.    Suffice it to say, Plaintiff is renowned for his expertise on gaming and gaming law, considered a preeminent authority on the matter.

**General Trademark Allegations**

19.    Plaintiff owns all right, title, and interest in and to the GAMBLING AND THE LAW trademark on or in connection with: "syndicated and featured articles appearing in a variety of magazines and newspapers on the topic of gambling; and books on the topic of gambling" in International Class 016 and "providing on-line articles on the topic of gambling" in International Class 041 as detailed in Registration No. 2866279 ("Plaintiff's Mark").

20.    Plaintiff has also established use and, thereby, common law rights in and to the Plaintiff's Mark in the United States and many other countries worldwide.

21.    Plaintiff's dates First Use and First Use in Commerce in the United States are December 1983, meaning that Plaintiff has used Plaintiff's Mark for more than forty (40) years.

22.    Moreover, Registration No. 2866279 registered on July 27, 2004, and thus, has been registered with the United States Patent and Trademark Office for over twenty (20) years.

23.    As a result of the extensive, exclusive, and continued use of Plaintiff's Mark in connection with the goods and services identified in Plaintiff's trademark registration, consumers have come to recognize and identify Plaintiff's Mark as representative of

COMPLAINT

5

exclusive, high quality products and services offered by Plaintiff. Plaintiff's Mark has become a valuable asset of Plaintiff as well as a symbol of his goodwill and positive reputation.

## Defendants' Unlawful Acts

24. Defendants maintain and operate the Website, which purports to be an online gambling website in which consumers attempt to make soccer penalty shot goals to receive monetary winnings.

25. The Webiste has an About tab on its landing page that looks as follows:



26. The Website "About" tab resolves to a page that reads as a biography for Plaintiff and suggests that Plaintiff is affiliated with the Website in some capacity, when, in fact, Plaintiff has no affiliation with the website or its owners whatsoever.

27. Attached hereto as Exhibit "A" is the relevant portions of the About page on the Website.

28. Furthermore, Defendants use Plaintiff's Mark on the Website on and in connection with Defendants' business without permission, constituting infringement.

///

COMPLAINT

6

29.  To be clear, much of the information about Plaintiff is accurate and verifiable from other sources, which falsely lends legitimacy to the Website, when Plaintiff has no affiliation.

30.  Certain elements of the About page that are worth pointing out are the following:

a.  Image: The image used on the Website to depict Prof. Rose is that of either an AI generated or heavily edited photograph of a female.  Plaintiff, instead, is a male and looks nothing like the image that the Website uses to depict him.

b.  Written in First Person: As one reviews the About page, one quickly sees that it is written as a first person narrative as if Plaintiff is telling his story of his career and path to becoming affiliated with the Website, when he has no such affiliation.  Some examples include:

31.  All of the foregoing clearly suggest that Plaintiff is affiliated with the Website, when he is not in any capacity.

32.  Following the sections mentioned above is a section titled My Philosophy on Gaming which falsely attributes quotes and beliefs to Plaintiff.

33.  The foregoing explicitly (but falsely) states that Plaintiff is affiliated with the Website, by stating: "[t]hat's why I created this complete guide covering everything from the free demo experience to detailed game mechanics, safety practices, and guidance on choosing legitimate casinos."

34.  Plaintiff did not create a guide of this nature for the Website or anyone.

35.  The fraudulent impersonation of Plaintiff is made more obvious by the fact that the About section on the Website is nearly identical to the About section found on *www.InOutForestArrow.com*, which purports to be the biography of another person Dr. Michael Archer (*https://inoutforestarrow.com/about*) (Attached hereto as Exhibit "B" is the relevant portions of the About page on the *www.InOutForestArrow.com* website).

36.  Whether the information about and endorsement by "Dr. Michael Archer" is accurate is unknown to Plaintiff.

37.   What is known, however, is that the fraudulent biography of Plaintiff on the Website attributes the same quotes and philosophies to Plaintiff as www.InOutForestArrow.com does to Dr. Archer on its About page.

38.   The respective websites also have identical "What I Believe" sections.

39.   The respective websites also have nearly identical "Why I Created" sections.

40.   The similarities between the two About pages on these websites are not limited to these examples, but rather continue throughout the pages.

41.   In sum, Defendants have infringed upon the trademark and publicity rights of Plaintiff by falsely suggesting an affiliation, endorsement, or sponsorship by Plaintiff of Defendants' Website, and their fraud and intent to deceive are readily apparent.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

## IN VIOLATION OF 15 U.S.C. § 1114

## AGAINST ALL DEFENDANTS

## BY PLAINTIFF ROSE

42.   Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 41, inclusive, and incorporates them by reference herein.

43.   As herein alleged, Defendants' willful, deliberate and unauthorized use of Plaintiff's Mark, which is registered with the USPTO, has caused confusion and is likely to continue to cause confusion, mistake, and deception in that consumers are likely to associate and believe Defendants are associated with, connected to, affiliated with, authorized by, endorsed by, licensed by and/or sponsored by Plaintiff, in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

44.   As a direct and legal result of Defendants' unauthorized use of Plaintiff's Mark, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff.  Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff and to the public, who is

confused by Defendants' unauthorized use of Plaintiff's Mark. Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

45. As a further direct and legal result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from his lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial. In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorney's fees and costs in bringing this action, all in an amount to be proven at the time of trial. Plaintiff is further entitled to injunctive relief, and to all other and further forms of relief this Court deems appropriate.

46. The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## SECOND CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN/FEDERAL UNFAIR COMPETITION

### UNDER 15 U.S.C. § 1125(a)

### AGAINST ALL DEFENDANTS

### BY PLAINTIFF ROSE

47. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 46, inclusive, and incorporates them by reference herein.

48. As herein alleged, Defendants' unauthorized use of Plaintiff's Mark constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' use suggests a false designation of the origin of the goods and/or services that they are purporting to sell.

49. As a direct and legal result Defendants' unauthorized use of Plaintiff's Mark, Defendants have damaged and will continue to damage Plaintiff and Plaintiff's goodwill and reputation; and have caused and are likely to continue to cause a loss of profits for Plaintiff. Defendants' actions have caused and will continue to cause irreparable harm

COMPLAINT

9

to Plaintiff and to the public, who is confused by Defendants' unauthorized use of Plaintiff's Mark, unless restrained and enjoined by this Court. Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

50.   As a further direct and legal result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from Plaintiff's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of Trial. In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorney's fees and costs in bringing this action, all in an amount to be proven at the time of Trial. Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

## THIRD CAUSE OF ACTION

### FEDERAL TRADEMARK DILUTION

### IN VIOLATION OF 15 U.S.C. § 1125(c)(1)

### AGAINST ALL DEFENDANTS

### BY PLAINTIFF ROSE

51.   Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 50, inclusive, and incorporates them by reference herein.

52.   For more than forty (40) years, Plaintiff has invested substantial financial resources to market and protect Plaintiff's Mark. As a result, Plaintiff's Mark become "famous" and "distinctive" pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.   Plaintiff is informed and believes and thereon alleges, that notwithstanding Defendants' knowledge of Plaintiff's rights in and to Plaintiff's Mark, Defendants commercially used GAMBLING AND THE LAW, which is a reproduction, copy, and/or colorable imitation of Plaintiff's Mark, in connection with the sale, offering for sale, distribution, and/or advertising of goods, including online gambling services, in a manner which has caused and will likely continue to cause confusion, mistake, or deception

among the purchasing public as to the source of the goods.

54.    As a direct and legal result of Defendants' unauthorized use of Plaintiff's Mark, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff.  Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of Plaintiff's Mark.  Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

55.    As a further direct and legal result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.  In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorney's fees and costs in bringing this action, all in an amount to be proven at the time of trial.  Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

56.    The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

**FOURTH CAUSE OF ACTION**

**COMMERCIAL MISAPPROPRIATION OF LIKENESS**

**UNDER CALIFORNIA COMMON LAW AND CAL. CIV. CODE §3344**

**AGAINST ALL DEFENDANTS**

**BY PLAINTIFF ROSE**

57.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 56, inclusive, and incorporates them by reference herein.

58.    As alleged above, Defendants have knowingly used Plaintiff's name, voice, signature, photograph, and/or likeness on or in connection with Defendant's products,

merchandise, or goods and/or for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services.

59.    Such conduct by Defendants was done without Plaintiff's permission.

60.    As a direct and legal result of Defendants' actions, Plaintiff has been damaged and will continue to sustain actual and special damages and is entitled to receive compensation in an amount according to proof at Trial. In addition, Plaintiff is entitled to interest. Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

61.    The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with Cal. Civ. Code §3344(a).

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT
## AGAINST ALL DEFENDANTS
## BY PLAINTIFF ROSE

62.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 61, inclusive, and incorporates them by reference herein.

63.    The unlawful conduct of Defendants, and each of them, as alleged hereinabove has secured, and will secure, value to Defendants which unjustly enriches Defendants to the detriment of Plaintiff. By its Complaint, Plaintiff requests the disgorgement of all value unjustly earned or retained by Defendants.

64.    As a legal result of their unlawful conduct, Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to Plaintiff to Plaintiff's detriment.

65.    Plaintiff is entitled to recover from Defendants, and each of them, their unjust enrichment including gains, profits, and advantages they have obtained as a result of their wrongful acts as hereinabove alleged. Plaintiff is at present unable to ascertain the full extent of Defendants' unjust enrichment including gains, profits, and advantages obtained by reason of the aforesaid wrongful conduct.

///

COMPLAINT

12

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment in their favor and against Defendants as follows:

**ON THE FIRST, SECOND, AND THIRD CAUSES OF ACTION**

**(Trademark Infringement)**

1.     That Plaintiff's Mark has been infringed by Defendants' acts under 15 U.S.C. 1114 & 1125;

2.     That Plaintiff is entitled to recover damages from Defendants, and each of them, for their acts of federal trademark infringement, dilution, and unfair competition, and that these damages be trebled under 15 U.S.C. § 1117(b) because Defendants' acts have been willful, and that Plaintiff be awarded its reasonable attorneys' fees;

3.     That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

   a. Using Plaintiff's Mark on or in connection with the products and services protected by Plaintiff's Mark or products or services within the area of natural expansion therefrom;

   b. Using any combination, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Mark in connection with the advertising, distribution, offering for sale, or sale of products and/or services, the same or similar to those offered by Plaintiff, or likely to be confused with those of Plaintiff, or likely to injure Plaintiff's business, reputation, or the reputation of Plaintiff's Mark;

   c. Using Plaintiff's Mark in any manner likely to cause confusion, to cause mistake, or to deceive the public;

   d. Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any products or services similar to Plaintiff or in a manner that suggests that Defendants and/or their products and/or services are authorized by Plaintiff;

COMPLAINT

13

e.   Otherwise competing unfairly with Plaintiff in any manner, including, but not limited to, infringing usage of Plaintiff's Mark.

4.   That Defendants, and each of them, be required to deliver up to Plaintiff for destruction, any and all materials infringing upon Plaintiff's Mark and/or suggesting a false affiliation with Plaintiff in Defendants' possession or under their control;

5.   That Defendants be required to deliver up to Plaintiff for destruction, any and all catalogs, circulars and other printed material in Defendants' possession or under their control which suggest that Defendants' products and/or services are authorized or endorsed by Plaintiff in Defendants' possession or under their control;

6.   That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiff, within thirty (30) days of the entry of injunction prayed for herein, a written report, under oath or affirmed under penalty of perjury, setting forth in detail the form and manner in which they have complied with the ordered permanent injunction; and

7.   Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FOURTH CAUSE OF ACTION
### (Misappropriation of Likeness)

8.   That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from using Plaintiff's name, voice, signature, photograph, and/or likeness on or in connection with Defendant's products, merchandise, or goods and/or for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods or services.

9.   For damages in an amount according to proof at the time of trial;

10.   For punitive damages;

11.   For interest on the sum of damages awarded;

12.   For costs of suit incurred herein;

13. For attorney's fees incurred herein;

14. For injunctive relief and

15. Such other and further relief at law or in equity, to which the Court deems just and proper.

### ON THE FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

16. For damages in an amount according to proof at the time of trial;

17. For interest on the sum of damages awarded;

18. For costs of suit incurred herein; and

19. Such other and further relief at law or in equity, to which the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: May 22    , 2026                THE MYERS LAW GROUP

Nicholas D. Myers
Attorneys for Plaintiffs

COMPLAINT
15